UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

D￼ON E. T￼OWNSEND #221158,                )
   Petitioner,                          )
              )  No. 1:13-cv-488
-v-                                                            )
              )  HONORABLE PAUL L. MALONEY
W￼ILLIE O. S￼MITH,                              )
   Respondent.                        )
_____)

## ORDER REJECTING REPORT AND RECOMMENDATION

On May 6, 2013, state prisoner Don E. Townsend filed a habeas corpus petition in this court pursuant to 28 U.S.C. § 2254. On the court's review of the petition, Magistrate Judge Scoville issued a Report and Recommendation (ECF No. 3) that Mr. Townsend's petition be denied. Before the court today are Mr. Townsend's timely objections to the Report and Recommendation. (ECF No. 4.)

### STANDARD OF REVIEW

Parties have 14 days to file written objections to the proposed findings and recommendations in a magistrate judge's report and recommendation ("R&R"). 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews *de novo* the portions of the R&R to which objections have been filed, and may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only specific objections are entitled to *de novo* review under the statute, *see Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam), and the statute does not "positively require[] some lesser review by the district court when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to object to an issue waives that issue, along with the party's right to appeal that issue. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice).

## DISCUSSION

Mr. Townsend's conviction became final on July 24, 2009, at the expiration of his time to seek leave to appeal to the Michigan Supreme Court. Under 28 U.S.C. § 2244(d)(1), Mr. Townsend had one year to file his habeas petition in this court. He did not do so. Nor did he apply for state-level collateral review during that year, which would have stopped the clock in this court. *Id.* § 2244(d)(2). On that basis, the magistrate judge recommended that Mr. Townsend's petition be denied as barred by the statute of limitations.

In his objections, Mr. Townsend argues that he should be given the benefit of equitable tolling. For the court to equitably toll the section-2244 statute of limitations, Mr. Townsend must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010). Mr. Townsend argues that he did try to pursue his rights diligently, but was stymied by unscrupulous jailhouse lawyers and his own mental illness.

Bad advice by other inmates is not an extraordinary circumstance for purposes of equitable tolling. Mr. Townsend was not entitled to a lawyer for his appeal to the Michigan Supreme Court, *see Ross v. Moffitt*, 417 U.S. 600, 610 (1974), and so his reliance on inmates who claimed to have legal expertise left Mr. Townsend in no worse a position than he had been in otherwise. "[A]n inmate's lack of legal training, his poor education, or even his illiteracy does not give a court reason to toll the statute of limitations." *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002). Accordingly, Mr. Townsend's apparently ill-placed reliance on "jailhouse lawyers" is also not a basis for equitable tolling.

Mental illness, on the other hand, can justify equitable tolling if the petitioner demonstrates

"that (1) he is mentally incompetent and (2) his mental incompetence caused his failure to comply with AEDPA's statute of limitations." *Ata v. Scutt*, 662 F.3d 736, 742 (6th Cir. 2011). But "a blanket assertion of mental incompetence is insufficient to toll the statute of limitations. Rather, a causal link between the mental condition and untimely filing is required." *Id.*

Mr. Townsend presents the court with a treatment plan from the Michigan Department of Corrections, dated November 17, 2010 and stating that he suffers from bipolar disorder and antisocial personality disorder. He argues that he "often suffers episodes of delusional thinking" and that "[d]ue to his mental state, [he] was incapable of filing an application for leave to appeal with the Michigan Supreme Court within the time prescribed."

These allegations present more than just a bare claim of mental incompetence. Mr. Townsend provides evidence that he had a recognized mental illness around the relevant time period. He directly links that illness to his failure to ask the Michigan Supreme Court for leave to appeal. Moreover, he attempts to explain why his illness could have prevented him from filing some papers on his own behalf but allowed him to later seek collateral review in the state and federal courts. The *Ata* court found that similar allegations were enough to entitle the petitioner to an evidentiary hearing. *See id.* at 743–44. While Mr. Townsend's supporting evidence is not as robust as that in *Ata*, this alone does not doom his claim. What is important here is that nothing in the record contradicts Mr. Townsend's claims, and if taken at face value, they could constitute an "extraordinary circumstance" standing in his way. *See id.* at 744–45 ("The second step of our analysis requires a review of the record to ensure it does not refute Ata's request for equitable tolling."). Under the Sixth Circuit's ruling in *Ata*, then, Mr. Townsend must be given an evidentiary hearing.

This does not mean that Mr. Townsend is necessarily entitled to equitable tolling. But it does mean that this court cannot dismiss his claim on that ground until he has had a chance to prove his claims in court. *Id.* at 745.

For these reasons:

    (1)    The court **REJECTS** the report and recommendation (ECF No. 3).

    (2)    This matter is hereby referred to Magistrate Judge Ellen S. Carmody solely for the purpose of appointment of counsel and related procedural matters pursuant to the *Pro Bono* Plan of the United States District Court for the Western District of Michigan. *See* W.D. Mich. Admin. Order Nos. 03-003 and 07-003. *Counsel's appointment shall be limited to his/her representation of petitioner on the issue of equitable tolling only.*

    (3)    Once counsel has been appointed, the court will schedule an evidentiary hearing on the issue of equitable tolling.

**IT IS SO ORDERED.**

Date: July 24, 2013                                                                    /s/ Paul L. Maloney
                                                                                                                        Paul L. Maloney
                                                                                                                        Chief United States District Judge