UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DON E. TOWNSEND #21158,              )
        Petitioner,              )
                              )     No. 1:13-cv-488
-v-                                  )
                              )     HONORABLE PAUL L. MALONEY
WILLIE O. SMITH,                     )
        Respondent.              )
_____)

## OPINION AND ORDER DENYING RELIEF UNDER 28 U.S.C. § 2254

This matter is before the Court on Petitioner's motion to apply equitable tolling to allow him to pursue his *habeas* petition against the State of Michigan under 28 U.S.C. § 2254. (ECF No. 1.) Prior to this Opinion and Order, this Court held an evidentiary hearing to ascertain whether Mr. Townsend was entitled to equitable tolling for his untimely petition based on mental incompetence grounds. For the reasons discussed herein, Petitioner's motion to vacate, set aside, or correct sentence will be **DENIED** as time barred.

## I.    BACKGROUND

This matter is before the court in the aftermath of an evidentiary hearing concerning Petitioner's equitable tolling claim. Petitioner, Mr. Townsend, claims that his mental illness was an extraordinary circumstance that prevented him from timely filing his § 2254 habeas petition.

Mr. Townsend is now discharged following state convictions for carrying a concealed weapon and being a fourth-felony offender. His sentence was imposed under a *Cobbs* plea agreement on March 2, 2009, which required a sentence of 12 months in county jail and 4 years probation, but no prison time. The sentence was amended on May 8, 2009 when he was placed in the K-Pep program due to jail

overcrowding. He was not represented by counsel when the amended sentence was imposed. Mr. Townsend then violated his probation and was sentenced to a prison term of 3 to 20 years on November 3, 2009. Mr. Townsend filed an application for leave to appeal on unknown grounds, but the Michigan Court of Appeals denied leave to appeal on May 27, 2009. He did not seek leave to appeal his conviction or sentence to the Michigan Supreme Court.

Nearly two years later, Mr. Townsend filed a motion for relief from judgement on March 30, 2011, asserting that the trial court violated his *Cobbs* agreement, due process, and his Sixth Amendment right to counsel when it imposed the amended sentence that included prison time. The trial court denied the motion on April 4, 2011, and the Court of Appeals denied leave to appeal on November 11, 2011. The Supreme Court likewise denied leave to appeal on June 25, 2012, and denied reconsideration on September 24, 2012.

Mr. Townsend filed this habeas petition on May 2, 2013, raising the same grounds for relief: (1) the amended sentence violated the terms of his *Cobbs* agreement, (2) the amended sentence was imposed in violation of due process, and (3) Mr. Townsend was deprived of the assistance of counsel when the amended sentence was imposed and effective assistance of counsel on direct appeal. On June 26, 2013, Magistrate Judge Scoville issued a report and recommendation that found Mr. Townsend's habeas action time barred by the one-year statute of limitations in AEDPA, 28 U.S.C. § 2244(d)(1). (ECF No. 3.) The Report and Recommendation also found that Mr. Townsend was not entitled to equitable tolling based on his lack of legal training, legal assistance, or awareness of the statute of limitations, and that Mr. Townsend did not allege actual innocence in order to excuse the procedural bar. Mr. Townsend filed an objection to the Report and Recommendation, alleging that he suffers from mental illness and that his mental illness,

2

combined with unscrupulous "jailhouse lawyers," prevented him from meeting the one-year deadline for habeas filings, entitling him to equitable tolling.

This Court issued an order rejecting the Report and Recommendation on July 24, 2013. (ECF No. 6.) That order found that Mr. Townsend was not entitled to equitable tolling based on the bad legal advice from other inmates. However, following *Ata v. Scutt*, 662 F.3d 736 (6th Cir. 2011), this Court found that Mr. Townsend's mental illness could be a basis to apply equitable tolling, and that he provided sufficient evidence of his mental illness that was not refuted by the record to warrant a hearing on the issue. *See Ata*, 662 F.3d at 742 (directing district courts to (1) consider "if the factual allegations are sufficient to support equitable tolling," and (2) determine if the assertions are refuted by the state court record or are meritless).

Mr. Townsend presented an MDOC treatment plan from November 17, 2010 that states he suffers from bipolar disorder and antisocial personality disorder, and he claims that he suffers from episodes of delusional thinking. That report, with Mr. Townsend's claim that his mental state made him incapable of filing an application for leave to appeal to the Michigan Supreme Court, was enough evidence to warrant a hearing to allow Petitioner to prove his claims. *See id.* ("[A]n evidentiary hearing is required when sufficiently specific allegations would entitle the petitioner to equitable tolling on the basis of mental incompetence which caused the failure to timely file."). The order made clear that Mr. Townsend was not necessarily entitled to equitable tolling, but that a hearing was necessary to determine if Mr. Townsend could prove that his mental illness caused his late filing.

## II.   LEGAL FRAMEWORK

AEDPA imposes a one-year statute of limitations on habeas petitions in 28 U.S.C. § 2244. However, that statute of limitation is not jurisdictional, and does not require dismissal of all cases where the

clock has run. *Holland v. Florida*, 130 S Ct. 2549, 2561 (2010). The one-year limit can be equitably tolled "in appropriate cases" if the petitioner shows that (1) "he has been pursuing his rights diligently," and (2) "some extraordinary circumstance stood in his way." *Id.* at 2562. Mental illness can be such an extraordinary circumstance if the petitioner shows "that (1) he is mentally incompetent and (2) his mental incompetence caused his failure to comply with AEDPA's statute of limitations." *Ata v. Scutt*, 662 F.3d at 742. Mental impairment does not automatically toll the limitations period, but the court may grant equitable tolling if there is a causal link between the mental condition and untimely filing. *Ata*, 662 F.3d at 742. To show diligence, the petitioner must show that he or she "made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in the state court." *Plummer v. Jackson*, 491 F. App'x 671, 675 (6th Cir. 2012). The *habeas* petitioner has the ultimate burden of persuading the court that he or she is entitled to equitable tolling. *Id.* at 741. This relief should be applied "sparingly" and on a case-by-case basis. Solomon *v. United States*, 467 F.3d 928, 933 (6th Cir. 2006); *Keenan v. Bagley*, 400 F.3d 417, 421 (6th Cir. 2005); *Patterson v. Lafler*, 455 Fed. Appx. 606, 2012 WL 48186 (6th Cir. 2012).

In *Ata*, the Petitioner alleged mental illness that interfered with his ability to meet the AEDPA one-year deadline sufficiently to warrant a hearing. The Sixth Circuit remanded the case to the Eastern District of Michigan for a hearing "to determine whether the [mental illness] allegations are true, and if so, whether they entitle Ata to equitable tolling." 662 F.2d at 738. Accordingly, the purpose of the evidentiary hearing was to determine (1) whether Mr. Townsend's claims that he suffers from mental illness are true, and (2) whether the mental illness was sufficient to warrant equitable tolling because it caused his late filing.

III.   **ANALYSIS**

4

To succeed, Mr. Townsend must show that he was incapacitated due to his mental illness during the relevant time period and that the direct result of that mental illness was a barrier to understanding or ability to file a federal habeas petition. *See Hinton v. Klee*, No. 2:13-cv-10143, 2013 WL 6157925 (E.D. Mich. Nov. 21, 2013). Mr. Townsend's objection to the Report and Recommendation alleges that he was incapable of filing an application for leave to appeal with the Michigan Supreme Court. Although the statute of limitations would have been tolled during the Supreme Court's deliberation and for an additional 90 days after its ruling had Mr. Townsend filed for leave of appeal to the Michigan Supreme Court, his claim cannot succeed merely by showing he was incapacitated during the time set out for an appeal to *that* court. He must show that he was incapacitated for the entire time available to file a timely *federal habeas petition* and that there was no way he could have timely filed a habeas petition due to his illness.

### A. Statute of Limitations Period

First, the Court must address the applicable statute of limitations period. The Court finds the one-year statute of limitations began with Mr. Townsend's re-sentencing on November 3, 2009.[1] After his appeal to the Court of Appeals was denied on June 28, 2010, Mr. Townsend had 56 days to file an appeal with the Michigan Supreme Court—which would have been due on August 23, 2010. Because he did not appeal to the Michigan Supreme Court, Mr. Townsend's judgment became final on August 24, 2010, and

---

[1] There are valid arguments that the statute of limitations should have began with the original amended court order dated May 8, 2009. This would have made Mr. Townsend's filing even more untimely. On balance, though, the case law suggests the latter date appropriate here. *Bachman v. Bagley*, 487 F.3d 979, 982–84 (6th Cir. 2007) (holding that the limitations period under § 2244(d)(1)(A) runs from the date of the original conviction *when the habeas petition challenges only the judgment of conviction and raises no challenge to the re-sentencing judgment*) (emphasis added); *see Allen v. Yukins*, 366 F.3d 396, 400 (6th Cir. 2004) (declining to decide "whether the district court was correct in concluding that [Petitioner's] conviction did not become final until [the later date because either way, the] petition was still untimely"). *But see Rashad v. Lafler*, 675 F.3d 564, 568 (6th Cir. 2012) (quoting *Burton v. Stewart*, 549 U.S. 147, 156 (2007) ("Final judgment in a criminal case means sentence. The sentence is the judgment.").

he originally had until August 23, 2011 to file a *habeas* petition.[2] However, Mr. Townsend filed a motion for relief from judgment on March 24, 2011. Thus, the clock—that had run for 211 days from August 24, 2010 to March 23, 2011—stopped and tolled through September 24, 2012, when the Michigan Supreme Court denied Mr. Townsend's motion for reconsideration. *See People v. Townsend*, 820 N.W.2d 790 (Mich. 2013) (unpublished order).

At this point, Mr. Townsend had 154 days remaining to file—establishing a deadline for filing a petition on February 26, 2013. Thus, the petition dated May 2, 2013, was 64 days late. While there are minor discrepancies among the parties regarding dates, both Mr. Townsend and Respondent agree that the filing was untimely. The Court now considers whether Mr. Townsend has met his burden to demonstrate that the untimely filing was excused—and caused by—mental incompetence.[3]

### B. Petitioner's Alleged Incompetence

There is little question that Mr. Townsend, to varying degrees, struggled with mental illness throughout his time in prison. He was diagnosed with bipolar disorder and borderline personality order and required heavy medications in prison, including antidepressants and anti-manic and mood stabilizers. He also was on psychotropic medications for a brief period of time. At the evidentiary hearing, the State called

---

[2] If the appeal to the Michigan Supreme Court had been filed, Mr. Townsend's claim would have tolled an additional 90 days after the Michigan Supreme Court issued a decision. During that time, he could have appealed to the U.S. Supreme Court. However, since the U.S. Supreme Court can only review decisions of the state's highest court, Mr. Townsend was not entitled to additional tolling time. *Gonzalez v. Thaler*, 132 S. Ct. 641, 655 (2012).

[3] Mr. Townsend previously claimed that he was preyed on by unscrupulous "jailhouse lawyers" who took advantage of his mental illness and prevented him from timely filing this petition. As this Court held in the order rejecting the Report and Recommendation (ECF No. 6, at 2), bad advice from other inmates is not an extraordinary circumstance for purposes of equitable tolling because Mr. Townsend was not entitled to counsel after his initial appeal. Further, "an inmate's lack of legal training, his poor education, or even his illiteracy does not give a court reason to toll the statute of limitations." *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002).Thus, Mr. Townsend had the burden at the evidentiary hearing to show his mental illness made him more vulnerable or worse off than a mentally fit but legally ignorant inmate who relied on bad advice from jailhouse lawyers.

an expert to the stand to suggest that "abstinence syndrome" could explain Mr. Townsend's symptoms in prison early on, and note that Mr. Townsend refused to take drugs—and was not forcibly administered those drugs—from 2010 through the remainder of Mr. Townsend's incarceration when he was paroled in 2013.[4] (ECF. No. 26 at PageID #225.)

Even if, for the sake of argument, Mr. Townsend was incompetent because of mental illness early on, he appears to have become competent some time well before he filed this petition; in fact, he filed a motion for relief from judgment in state court on March 30, 2011. Likewise, Mr. Townsend was able to appeal that decision to the Michigan Court of Appeals, file a motion for reconsideration, and appeal again to the Michigan Supreme Court. *See Gresham v. Capello*, 489 F. App'x 930, 933 (6th Cir. 2012) (finding that prisoner was not entitled to equitable tolling because, in part, his ability to file "numerous briefs, motions, and supporting documents on a continuous basis" showed that he had the ability to file a *habeas* petition but failed to do so); *see also Jurado v. Burt*, 337 F.3d 638, 644 (6th Cir. 2003) (finding that the petitioner did not diligently pursue rights when he delayed filing habeas petition for significant time while lawyer investigated relatively simple case). Thus, there must be some other "adequate reason for the delay" after Mr. Townsend proved sufficiently competent to litigate in state court. *See Allen v. Kukins*, 366 F.3d 396, 403 (6th Cir. 2004).[5]

---

[4] The Court does not have to ultimately decide whether cocaine withdrawal or mental illness was the primary cause of Mr. Townsend's illness. Mr. Townsend has not shown that his mental illness rose to the level of incompetence that rendered him unable to file a timely *habeas* petition.

[5] Interestingly, Mr. Townsend testified that while he was researching in the law library, he "could understand the federal laws" and to a lesser extent, state laws. (ECF No. 26 at PageID #175. Yet during the requisite time period, Mr. Townsend's mental illness did not affect his ability to file a motion for relief from judgment under *state law* on March 30, 2011. The evidentiary hearing illuminates this aspect:

> Q: While you were in the law library, reading books, you were focused on what needed to be filed, would that be an accurate statement?

Notably, Mr. Townsend refused to take medication from 2010 through 2013, did not complain that the absence of medication was affecting his ability to file state court motions, kite requests in prison, or other important functions. Instead, during his challenges, he would engage with staff and find a way to resolve them. (ECF No. 26 at PageID #209.) And from the period after the Michigan Supreme Court denied Mr. Townsend's motion for reconsideration, Mr. Townsend offers no evidence to demonstrate why he waited over seven months to file his petition in federal court.

In addition, this Court finds the evidentiary hearing testimony of Dr. Rome, the Chief Psychiatric Officer for the Michigan Department of Corrections, persuasive. After a thorough review of Mr. Townsend's institutional medical records, Dr. Rome opined that "drug abstinence" caused Mr. Townsend's symptoms and not necessarily mental illness. However, even if some mental illness was present, Dr. Rome concluded that Mr. Townsend's actions and insights were not generally consistent with a person who is incompetent.[6]  (ECF No. 26 at PageID #203.) Further, Dr. Rome testified to the fact that when Mr.

---

       A: Yes, and more. And the reason I say more is because I'm looking at some of the federal laws versus the
       state laws. I could understand the federal laws and that's what I learned before I even learned a little bit
       about the state laws . . . .

(ECF No. 26 at PageID #175.) Thus, while it can be said that Mr. Townsend was diligent in his  research to degree—any mental illness did not seem to pose an "extraordinary circumstance" by which he could not have filed his petition in a timely fashion.

    [6] The evidentiary hearing record reflects the following exchange between the State and Dr. Rome:

       Q: Did Mr. Townsend show insight into his mental health problems while he was in prison?

       A: He did. Especially his chemical use problems.

       Q: And what specifically makes you say that he had an understanding then of his issues?

       A: There were multiple entries that documented Mr. Townsend's increasing awareness of the
       critical—how critical a problem, his past addition had been for him, in terms of his contact with the
       criminal justice system, disappointment that the times he believed he had disappointed his family,
       disappointed himself, not been able to reach his potential. Multiple entries that describe Mr.
       Townsend reflecting in that type of way around his addiction.

Townsend voluntarily refused to take his psychiatric medications, it did not seem to have any detrimental effect on his medical status.[7]

By contrasting example, in *Ata*, the Court of Appeals remanded the case for an evidentiary hearing because, in part, the petitioner had paranoid schizophrenia, demonstrated "trouble with numbers, and . . . could not perform simple subtraction." *Ata*, 662 F.3d at 743–45; *see Patterson*, 455 Fed. Appx. at 611.[8] Mr. Townsend, comparatively, seems to have functioned at a high level.

The Court certainly does not want to diminish Mr. Townsend's "significant history of trauma"; nor does the Court assert that Mr. Townsend did not suffer from any mental illness during the operative time period. (ECF No. 26 at PageID #226.)  Nonetheless, after a thorough review of the record, the Court finds Mr. Townsend has not shown that mental illness rendered him incompetent and prevented him from

---

Q: Would you expect a person who is incompetent to have that kind of insight?

A: Generally, no.

(ECF No. 26 at PageID #204.)

[7] However, the Court does not have to ultimately decide whether cocaine withdrawal or mental illness was the primary cause of Mr. Townsend's illness. Mr. Townsend has not shown that his mental illness rose to the level of incompetence that rendered him unable to file a timely *habeas* petition.

[8] The record in this case can easily be distinguished from the facts in *Ata*:

Ata alleged that he was mentally incompetent, citing a lengthy history of psychiatric disorders and treatment. Ata also alleged that he had "missed the [filing] deadline because he had been hospitalized on numerous occasions for paranoid schizophrenia and other psychoses. These mental ailments . . . disabled him in terms of being able to by percipient of notices of filing requirements or changes in the *habeas* law . . ." Ata further alleged that he "missed the deadline because he had been and continues to be medicated by the Michigan Department of Corrections (MDOC) for paranoid scizophrenia and other psychoses." In the affidavit attached to his equitable tolling motion, Ata averred that "due to my mental incapacitation I did not understand the one-year limitation placed on *habeas* Mr. Townsends." Ata's affidavit also stated that "I have made every attempt known to me and my reasoning and understanding to favilitate any appeals before any court and to diligently prepare my appeal. I have not forsook any opportunity to present my appeal."

*Ata*, 662 F.3d at 739–40.

filing his petition in a timely fashion; this is especially the case when Petitioner immersed himself in state law claims during the operative period and waited to file for over seven months after the State denied him relief. Thus, the Court **DENIES** Petitioner's motion for relief under 28 U.S.C. § 2254 because it is time barred and equitable tolling is unavailable.

IV.    **CONCLUSION**

For the reasons discussed above, Petitioner's motion seeking relief under 28 U.S.C. § 2254 is **DENIED** because it is time barred and equitable tolling is unavailable.

**ORDER**

For the reasons discussed in the accompanying opinion, Petitioner's petition for writ of *habeas corpus* seeking relief under 28 U.S.C. § 2254 is **DENIED**.

**IT IS SO ORDERED.**

Date:   August 26, 2015                         /s/ Paul L. Maloney
                                                Paul L. Maloney
                                                Chief United States District Judge